AMERICAN TRADITION PARTNERSHIP, INC., FKA
WESTERN TRADITION PARTNERSHIP, INC.,
ET AL. *v.* BULLOCK, ATTORNEY GENERAL
OF MONTANA, ET AL.

No. 11–1179.   Decided June 25, 2012

PER CURIAM.

A Montana state law provides that a "corporation may not make . . . an expenditure in connection with a candidate or a political committee that supports or opposes a candidate or a political party." Mont. Code Ann. § 13–35–227(1) (2011). The Montana Supreme Court rejected petitioners' claim that this statute violates the First Amendment. 2011 MT 328, 363 Mont. 220, 271 P. 3d 1. In *Citizens United* v. *Federal Election Comm'n*, 558 U. S. 310 (2010), this Court struck down a similar federal law, holding that "political speech does not lose First Amendment protection simply because its source is a corporation." *Id.*, at 342 (internal quotation marks omitted). The question presented in this case is whether the holding of *Citizens United* applies to the Montana state law. There can be no serious doubt that it does. See U. S. Const., Art. VI, cl. 2. Montana's arguments in

support of the judgment below either were already rejected in *Citizens United,* or fail to meaningfully distinguish that case. The petition for certiorari is granted. The judgment of the Supreme Court of Montana is reversed.

*It is so ordered.*

JUSTICE BREYER, with whom JUSTICE GINSBURG, JUSTICE SOTOMAYOR, and JUSTICE KAGAN join, dissenting.

In *Citizens United* v. *Federal Election Comm'n,* 558 U. S. 310 (2010), the Court concluded that "independent expenditures, including those made by corporations, do not give rise to corruption or the appearance of corruption." *Id.,* at 357. I disagree with the Court's holding for the reasons expressed in Justice Stevens' opinion in that case. As Justice Stevens explained, "technically independent expenditures can be corrupting in much the same way as direct contributions." *Id.,* at 458 (opinion concurring in part and dissenting in part). Indeed, Justice Stevens recounted a "substantial body of evidence" suggesting that "[m]any corporate independent expenditures . . . had become essentially interchangeable with direct contributions in their capacity to generate *quid pro quo* arrangements." *Id.,* at 454–455.

Moreover, even if I were to accept *Citizens United,* this Court's legal conclusion should not bar the Montana Supreme Court's finding, made on the record before it, that independent expenditures by corporations did in fact lead to corruption or the appearance of corruption in Montana. Given the history and political landscape in Montana, that court concluded that the State had a compelling interest in limiting independent expenditures by corporations. 2011 MT 328, ¶¶ 36–37, 363 Mont. 220, 235–236, 271 P. 3d 1, 11. Thus, Montana's experience, like considerable experience elsewhere since the Court's decision in *Citizens United,* casts grave doubt on the Court's supposition that independent expenditures do not corrupt or appear to do so.

Were the matter up to me, I would vote to grant the petition for certiorari in order to reconsider *Citizens United* or, at least, its application in this case. But given the Court's *per curiam* disposition, I do not see a significant possibility of reconsideration. Consequently, I vote instead to deny the petition.